UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

ROBERT SAVAGE,

                                      Plaintiff,

   -against-

COUNTY OF NASSAU, CHRISTOPHER GALLAGHER,
Individually, JOSEPH CLOUGHER, Individually,
JOSEPH LAUNDRIE, Individually, THOMAS GARIBOTTO,
Individually, CHRISTIAN GADOWSKI, Individually, and
JOHN and JANE DOE 1 through 10, Individually, (the names
John and Jane Doe being fictitious, as the true names are
presently unknown),

                                      Defendants.
-------------------------------------------------------------------------------X

**COMPLAINT**

Docket No.

<u>Jury Trial Demanded</u>

      Plaintiff ROBERT SAVAGE, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§ 1331 and 1343.

### VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff ROBERT SAVAGE is a thirty-two-year-old man residing in Amityville, New York.

7. Defendant COUNTY OF NASSAU was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant COUNTY OF NASSAU maintains the Nassau County Police Department (hereinafter referred to as "NCPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, COUNTY OF NASSAU.

9. That at all times hereinafter mentioned, CHRISTOPHER GALLAGHER, JOSEPH CLOUGHER, JOSEPH LAUNDRIE, and THOMAS GARIBOTTO were duly sworn police officers of said police department and/or of said county and were acting under the supervision of said department and/or said county and according to their official duties.

10. That at all times hereinafter mentioned, CHRISTIAN GADOWSKI, was a duly sworn police medic of said police department and/or of said county and was acting under the supervision of said department and/or said county and according to their official duties.

11. That at all times hereinafter mentioned, JOHN and JANE DOE 1 through 10, were duly sworn police officers or police medics of said police department and/or of said county and were acting under the supervision of said department and/or said county and according to

their official duties.

12. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the COUNTY OF NASSAU.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant COUNTY OF NASSAU.

## **FACTS**

14. On March 5, 2020, at approximately 10:20 a.m., plaintiff ROBERT SAVAGE, who suffers from schizophrenia, was lawfully present inside his home located at 762 Clocks Blvd, Massapequa, New York 11758, when he was subjected to excessive force, falsely arrested, and thereafter maliciously prosecuted by the NCPD defendants.

15. Defendant NCPD officers and/or medics GALLAGHER, CLOUGHER, LAUNDRIE, GARIBOTTO, and GADOWSKI arrived at plaintiff's home in response to a 911 call made by plaintiff's mother requesting medical assistance on behalf of her son.

16. Upon their arrival, plaintiff came out of his room and spoke with defendants GALLAGHER, CLOUGHER, LAUNDRIE, and GARIBOTTO.

17. Defendants used unreasonable force to take plaintiff into custody.

18. Defendants, *inter alia*, grabbed plaintiff about his body, took him to the ground, forcefully arrested him without probable cause, and tased, and handcuffed him.

19. Upon information and belief, additional NCPD officers arrived and were also involved in using force against plaintiff or failing to intervene in the use of force, false arrest,

3

and ensuing malicious prosecution of plaintiff.

20. These officers include, but are not limited to JANE DOE 1, and JOHN DOE 2, who is believed to hold the rank of sergeant, and who are pictured below:



21. Upon information and belief, one of the above pictured officers may have the surname Dolan, or upon information an additional John or Jane Doe officer with said last name was also present, and either directly participated or failed to intervene in these events.

22. Plaintiff was transported from the location of his arrest to a NCPD precinct.

23. Defendants' use of force and arrest of plaintiff were not in accordance with proper procedures or tactics for dealing with emotionally disturbed or mentally disabled individuals.

24. Defendants forwarded false and fabricated information to the Nassau County

4

District Attorney's Office, including false claims that plaintiff had grabbed defendant GARIBOTTO's taser handle, grabbed defendant LAUNDRIE's firearm, and had assaulted the officers. None of this was true.

25. As a result of the defendants' misconduct, plaintiff was held in County custody until, upon information and belief, March 6, 2020, when he was arraigned in Nassau District Court and charged with felony offenses, compelled to wear an ankle monitor, and to return to court on numerous occasions for more than three years.

26. On July 5, 2023, all the false charges lodged against plaintiff under CR-005545-20NA were dismissed and sealed, and the proceedings were otherwise terminated in Mr. Savage's favor.

27. Defendants GALLAGHER, CLOUGHER, LAUNDRIE, GARIBOTTO, GADOWSKI, and JOHN and/or JANE 1 through 10, either directly participated in and/or supervised the use of excessive force, false arrest, and/or malicious prosecution of plaintiff or failed to intervene in said constitutional violations despite being present for and/or aware that said violations were occurring or continuing.

28. All of the above occurred as a direct result of the unconstitutional policies, customs, or practices of the County of Nassau, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of improperly handling aided responses, of falsely arresting individuals in need of aid, and of engaging in falsification. Specifically, the County of Nassau has failed to train its police officers and medics in how to properly deescalate and not otherwise lose their temper when citizens with mental health disorders are exhibiting the symptoms of their disabilities and need aid, not arrest. Finally, the County critically lacks sufficient training and otherwise sufficient

resources to deal with mental health crises, including, without limitation, an appropriate crisis intervention training regimen and a crisis intervention response to such incidents.

29. The aforesaid event is not an isolated incident. Defendant COUNTY OF NASSAU is aware from lawsuits, notices of claims, complaints field with the NCPD's Internal Affairs Bureau, and with the COUNTY OF NASSAU, and extensive media coverage that many NCPD officers, including the defendants are improperly or inadequately trained in responding to aided situations and employ excessive force and engage in false arrests when responding to such situations, and that the County lacks adequate crisis intervention training and policies.

30. Defendant COUNTY OF NASSAU is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant COUNTY OF NASSAU has failed to take corrective action. This failure caused the defendants in the present case to violate the plaintiff's civil rights.

31. Moreover, upon information and belief, defendant COUNTY OF NASSAU was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers and/or police medics. Despite such notice, defendant COUNTY OF NASSAU has retained these officers and/or medics, and failed to adequately train and supervise them

32. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

33. All of the aforementioned acts deprived plaintiff ROBERT SAVAGE of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and/or police medics, with the entire actual and/or apparent authority attendant thereto.

35. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

36. As a result of the foregoing, plaintiff ROBERT SAVAGE sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## CLAIMS

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

37. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. The defendants arrested plaintiff ROBERT SAVAGE without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

39. The defendants caused plaintiff ROBERT SAVAGE to be falsely arrested and unlawfully imprisoned.

40. As a result of the foregoing, plaintiff ROBERT SAVAGE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

41. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "40" with the same force and effect as if fully set forth herein.

42. The level of force employed by defendants was excessive, objectively unreasonable, and otherwise in violation of plaintiff ROBERT SAVAGE'S constitutional rights.

43. As a result of the aforementioned conduct of defendants, plaintiff ROBERT SAVAGE was subjected to excessive force and sustained serious physical injuries and emotional distress.

44. As a result of the foregoing, plaintiff ROBERT SAVAGE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Violations of § 202 of the Rehabilitation Act and § 504 of the Rehabilitation Act)

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Plaintiff ROBERT SAVAGE qualifies as a person with a mental impairment that substantially limits one or more of the major life activities of such individual, or in the alternative as an individual with a record of such impairment.

47. The above-described conduct amounts to discrimination against plaintiff ROBERT SAVAGE that violates § 202 of the Americans with Disabilities Act, and § 504 of the Rehabilitation Act.

48. As a result of the foregoing, plaintiff ROBERT SAVAGE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Violation of Right to Fair Trial under 42 U.S.C. § 1983

49. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. Defendants created false evidence against plaintiff ROBERT SAVAGE.

51. Defendants utilized this false evidence against plaintiff ROBERT SAVAGE in legal proceedings.

52. As a result of defendants' creation and use of false evidence, plaintiff ROBERT SAVAGE suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

53. As a result of the foregoing, plaintiff ROBERT SAVAGE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Malicious Prosecution under 42 U.S.C. § 1983)

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. Defendants initiated, commenced, and continued a malicious prosecution against plaintiff by providing false and/or misleading information to the Nassau County District

Attorneys' office.

56. The aforesaid prosecution terminated in favor of plaintiff when it was dismissed on or about July 5, 2023.

57. As a result of the foregoing, plaintiff ROBERT SAVAGE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983)

58. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. The individually named defendants had an affirmative duty to intervene on behalf of plaintiff ROBERT SAVAGE, whose constitutional rights were being violated in their presence by other officers.

60. The individually named defendants failed to intervene to prevent the unlawful conduct described herein.

61. As a result of the foregoing, plaintiff ROBERT SAVAGE'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

62. As a result of the foregoing, plaintiff ROBERT SAVAGE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

63. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

65. As a result of the foregoing, plaintiff ROBERT SAVAGE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983 against the County of Nassau)

66. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

68. The aforementioned customs, policies, usages, practices, procedures and rules of defendant COUNTY OF NASSAU via the Nassau County Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff ROBERT SAVAGE'S rights as described herein. As a result of the failure of COUNTY OF NASSAU to properly recruit, screen, train,

discipline, and supervise its officers, including the individual defendants, defendant COUNTY OF NASSAU has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

69. The foregoing customs, policies, usages, practices, procedures and rules of the COUNTY OF NASSAU and the Nassau County Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff ROBERT SAVAGE.

70. The foregoing customs, policies, usages, practices, procedures and rules of the COUNTY OF NASSAU and the Nassau County Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff ROBERT SAVAGE as alleged herein.

71. The foregoing customs, policies, usages, practices, procedures and rules of the COUNTY OF NASSAU and the Nassau County Police Department were the moving force behind the Constitutional violations suffered by plaintiff SAVAGE as alleged herein.

72. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the COUNTY OF NASSAU and the Nassau County Police Department, plaintiff ROBERT SAVAGE was unlawfully arrested, subjected to excessive force, maliciously prosecuted, and deprived of his right to fair trial.

73. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff ROBERT SAVAGE'S constitutional rights.

74. All of the foregoing acts by defendants deprived plaintiff ROBERT SAVAGE of federally protected rights, including, but not limited to, the right:

    A. To be free from false arrest/unlawful imprisonment;

  B.  To be free from excessive force;

  C.  To be free from discrimination;

  D.  To be free from the deprivation of the right to a fair trial;

  E.  To be free from malicious prosecution; and

  F.  To be free from failure to intervene

75. As a result of the foregoing, plaintiff ROBERT SAVAGE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff ROBERT SAVAGE demands judgment and prays for the following relief, jointly and severally, against the defendants:

 (A) full and fair compensatory damages in an amount to be determined by a jury;

 (B) punitive damages against the individual defendants in an amount to be determined by a jury;

 (C) reasonable attorneys' fees and the costs and disbursements of this action; and

 (D) such other and further relief as appears just and proper.

Dated: New York, New York
    October 19, 2023

              BRETT H. KLEIN, ESQ., PLLC
              Attorneys for the Plaintiff ROBERT SAVAGE
              305 Broadway, Suite 600
              New York, New York 10007
              (212) 335-0132

         By: *Brett Klein*
             BRETT H. KLEIN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

ROBERT SAVAGE,

                                            Plaintiff,

     -against-

COUNTY OF NASSAU, CHRISTOPHER GALLAGHER,
Individually, JOSEPH CLOUGHER, Individually,
JOSEPH LAUNDRIE, Individually, THOMAS GARIBOTTO,
Individually, CHRISTIAN GADOWSKI, Individually, and
JOHN and JANE DOE 1 through 10, Individually, (the names
John and Jane Doe being fictitious, as the true names are
presently unknown),
                                         Defendants.
--------------------------------------------------------------------------------X

**COMPLAINT**

Docket No.

**Jury Trial Demanded**

**COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132